# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DANIEL L. CARD, | |
| Movant, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | Case No. 2:12-CV-883-DB |
| Respondent. | Judge Dee Benson |

This matter is before the court on movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.S § 2255. (Doc. 1.)  At the court's request, the government filed a response in opposition to the movant's motion. (Doc. 7.)  Having reviewed the relevant materials, the court now issues the following Memorandum Decision and Order.

BACKGROUND

After a jury trial, Daniel Card ("movant") was sentenced to 407 months in prison for armed robbery of a credit union and using, carrying, or brandishing a firearm during a crime of violence; the sentence was ordered to be served concurrent with an 87-month sentence in 2:97-CR-189. (Crim. Case No. 2:99-CR-647, Docket Entry No. 219.)  Movant appealed, and the Tenth Circuit affirmed his conviction on September 16, 2002. *United States v. Card,* 46 Fed.Appx. 941.  After the passage of more than ten years since his conviction became final, movant now files this action under 28 U.S.C. § 2255 challenging his conviction in the bank robbery case.

Movant's Motion

Movant claims that he could not have brought the petition in this case until the United States Supreme Court's decision in *Bond v. United States*, 131 S.Ct. 2355 (2011). Movant argues that this decision brought to light "newly discovered evidence" and a "new rule of constitutional law" pertaining to his constitutional standing and Tenth Amendment rights, which were not previously known to him or his attorney. (Doc. 1 at 1). Further, movant argues that the U.S. District Court lacked standing and his conviction cannot stand because Congress usurped the power of the State of Utah by enacting the federal law under which he was charged when the alleged crimes took place in Utah County, Utah, and not a place reserved or acquired by the United States. (Doc. 2 at 3.)

DISCUSSION

I. MOVANT IS NOT ENTITLED TO A VACATED OR CORRECTED SENTENCE BECAUSE HE FAILED TO FILE WITHIN THE ONE YEAR TIME LIMIT PRESCRIBED BY 28 U.S.C. § 2255.

Movant's conviction became final when the Tenth Circuit Court of Appeals affirmed his case on direct appeal on September 16, 2002. Congress established a "1-year period of limitation" governing motions for collateral relief under 28 U.S.C. § 2255. The one year period runs from the "latest of" four specified events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the movant's case, his conviction was affirmed on direct appeal and he did not file a petition for certiorari.  As a result, the judgment of conviction became final when the time expired for filing a petition for certiorari – i.e., ninety days after entry of the court of appeals' judgment. *Clay v. United States*, 537 U.S. 522 (2003).

Movant claims that he could not have brought the petition in this case until the Supreme Court's decision in *Bond v. United States*, 131 S.Ct. 2355 (2011).  In *Bond*, the Supreme Court held that a defendant indicted for violating a federal statute had standing to challenge the statute's validity on the ground that it intruded on the sovereignty and authority of the states in violation of the Tenth Amendment. *Id.* At 2360, 2367.  The court's holding made clear that none of its prior decisions would have barred standing.  It stated that "[t]here is no basis in precedent or principle to deny petitioner's standing to raise her claims. *Id.* At 2367.  Thus, the Supreme Court's decision in *Bond* did not establish new ground for the movant to make a valid claim, as precedent would not have prevented Card from raising his claim before the *Bond* decision. *U.S. v. Ricketts*, 2012 WL 3553746 (10th Cir. Aug. 20, 2012).

Extraordinary circumstances may provide a basis for equitable tolling of the limitations period, but the burden is on the movant to demonstrate the inadequacy of the one-year period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  While the one-year limitation period will be tolled for "extraordinary circumstances over which [an] inmate has no control," even after a showing of extraordinary circumstances, the Tenth Circuit requires inmates to "diligently pursue claims." *Miller* at 978 (citing *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997).  Here, there is no extraordinary circumstance that would support determination that

the statue of limitation was tolled.

In light of the foregoing, movant's Motion to Vacate, Set Aside, or Correct Sentence fails.

## CONCLUSION

For the reasons set forth above, movant's § 2255 motion is DENIED.  The clerk of the court is directed to close case 2:12-CV-883-DB forthwith.

DATED this 6th day of February, 2013.

BY THE COURT:

*Dee Benson*

_____
DEE BENSON
United States District Judge
